UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREG GAMACHE,

   Plaintiff,

v.           CASE NO. 5:11-cv-00125-Oc-32JBT

FEDERAL BUREAU OF INVESTIGATION
and FEDERAL COMMUNICATIONS
COMMISSION,

   Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* ("Application") (Doc. 2).   For the reasons stated herein, the undersigned will recommend that the Application be **DENIED**.

Plaintiff filed his complaint, titled "Civil Motion," and his Application on March 10, 2011.  (Docs. 1 & 2.)  The complaint asks, *inter alia*, for "[a] court order for the FBI and the FCC to co-investigate [the use of electronic weapons]," "[f]or the FBI to establish a phone number just for victims of electronic weapons," "[f]or victims not to need proof that this is occurring in order to get help," "[f]or the FCC to send an

_____

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

employee to the location of the victim," "[f]or satelites [sic] that view the entire frequency range through their optic sensors to view the location of the victim to locate where the transmissions are coming from," and "[f]or the FBI to go and meet these victims in person when these incidents occur, and to file a report of a federal crime when they happen, and to investigate them, together with the FCC, as a federal crime when they occur."[2]  (Doc. 1.)

On March 14, 2011, the Court entered an Order taking the Application under advisement and allowing Plaintiff to file an amended application and complaint on or before April 13, 2011.  (Doc. 4.)  In its Order, the Court noted that the complaint appears to be frivolous, it fails to state any basis for the relief sought and for the Court's jurisdiction, and it fails to comply with the requirements of the Local Rules and the Federal Rules of Civil Procedure.  (*Id.*)  The Court also pointed out that Plaintiff's Application is not notarized and appears incomplete.  (*Id.*)  Based on the deficiencies in Plaintiff's complaint and Application, the Court allowed Plaintiff to amend his filings.  (*Id.*)  The Court's March 14, 2011 Order provided that failure to file an amended application and complaint "may result in a recommendation that the Application be denied and the case be dismissed."  (*Id.*)

To date, Plaintiff has not filed an amended complaint and application.

---

[2] Although Plaintiff appears to seek a court order compelling actions by certain federal agencies, Plaintiff has not alleged a basis for such an order. *Cf. Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55 (2004) (stating, *inter alia*, that a claim under the Administrative Procedure Act, 5 U.S.C. § 706(1), "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*").

Therefore, due to the incompleteness of Plaintiff's original Application, the Court is unable to determine whether Plaintiff is indigent for purposes of 28 U.S.C. § 1915(a)(1). Furthermore, despite being given an opportunity to cure the deficiencies in his complaint by filing an amended complaint, Plaintiff has failed to do so. As stated in the Court's March 14, 2011 Order, Plaintiff's complaint appears to be frivolous and fails to state any basis for the relief sought and for the Court's jurisdiction.

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.) (citing *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. *Bilal*, 251 F.3d at 1349.

Plaintiff's complaint appears without arguable merit either in law or fact. Further, it appears that Plaintiff has little or no chance of success on his claims against the named Defendants. Thus, Plaintiff's complaint must be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant

to 28 U.S.C. § 1915(e)(2)(B), as well as for Plaintiff's failure to prosecute and follow this Court's previous Order pursuant to Local Rule 3.10(a).[3]

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Application (**Doc. 2**) be **DENIED**.

2.      The case be **DISMISSED without prejudice**.

3.      The Clerk of Court be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on April 15, 2011.


JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiff

---

[3] Because the recommended dismissal is based, in part, on Plaintiff's failure to prosecute and follow the Court's prior Order, the undersigned recommends that the dismissal be without prejudice.